930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Bobby RAINEY, Petitioner-Appellant,
v.
Dareld KERBY, Warden, Respondent-Appellee.
 No. 90-2159.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Bobby Rainey was convicted of criminal sexual penetration, aggravated burglary, kidnapping, and false imprisonment in New Mexico state court and was sentenced to twenty-three and one-half years' imprisonment. After exhausting his state remedies, petitioner filed a petition for writ of habeas corpus in the district court, which was denied. On appeal, petitioner asserts four grounds for relief: (1) there was insufficient evidence to support his conviction; (2) the trial court erred in failing to exclude a juror who knew one of the police officer witnesses; (3) the state's failure to timely disclose certain evidence was a denial of petitioner's right to a fair trial; and (4) petitioner's constitutional rights were violated by the prosecutor's misconduct relating to certain statements made during rebuttal argument. Because petitioner has made a substantial showing of the denial of important federal rights, the certificate of probable cause is granted. See Barefoot v. Estelle, 463 U.S. 880 (1983). We have jurisdiction to consider this appeal pursuant to 28 U.S.C. Sec. 2253 and affirm the order of the district court.
 
 
 3
 In reviewing the sufficiency of the evidence on which the jury conviction rests, we evaluate the evidence in the light most favorable to the government. United States v. Levario, 877 F.2d 1483, 1485 (10th Cir.1989). All reasonable inferences and credibility choices are made in favor of the jury's conclusions. United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982). The evidence need not exclude every reasonable hypothesis other than guilt; it must only be sufficient for a reasonable jury to find guilt beyond a reasonable doubt. United States v. Culpepper, 834 F.2d 879, 881 (10th Cir.1987). Finally, our review does not include an assessment of the credibility of witnesses; that task is reserved for the jury. Levario, 877 F.2d at 1485; United States v. Alonso, 790 F.2d 1489, 1492 (10th Cir.1986).
 
 
 4
 We agree with the magistrate's conclusion that the testimony at trial was sufficient to prove petitioner was guilty of the crimes committed against Tatsue Montoya and Erlene Toledo. Based on the facts of this case, the state court correctly concluded the crimes of criminal sexual penetration and kidnapping did not merge. See State v. McGuire, 795 P.2d 996, 1001 (N.M.1990).
 
 
 5
 Petitioner's constitutional rights were not violated by the trial court's refusal to exclude a juror who knew one of the police officer witnesses. The competency of a juror is a matter within the trial court's discretion. United States v. Berryhill, 880 F.2d 275, 279 (10th Cir.1989), cert. denied, 110 S.Ct. 853 (1990). The trial court properly questioned the juror and determined she could render a fair and impartial verdict despite her acquaintance with one of the witnesses.
 
 
 6
 Petitioner has failed to show he was prejudiced by the state's alleged untimely disclosure of the hair sample analysis and thus is not entitled to relief on this basis. See Trujillo v. Sullivan, 815 F.2d 597, 612 n. 9 (10th Cir.), cert. denied, 484 U.S. 929 (1987). The prosecutor informed petitioner as soon as the analysis became available. Petitioner cross-examined the state's forensic expert and offered his own expert testimony on the matter.
 
 
 7
 Finally, we conclude petitioner's constitutional rights were not affected by the prosecutor's comments during his rebuttal argument. Prosecutorial misconduct is a basis for habeas corpus relief only if the comments were so prejudicial that petitioner was deprived of his sixth amendment right to a fair trial. United States v. Dickey, 736 F.2d 571, 595 (10th Cir.1984). The comments must be viewed in the context of the entire trial to determine whether the prosecutor's conduct affected the trial's overall fairness. See United States v. Young, 470 U.S. 1, 11-12 (1985). The prosecutor's misstatements concerning when the supplemental police reports were prepared was harmless error. Petitioner had ample opportunity to cross-examine the police officers concerning their reports. Because we conclude petitioner's constitutional rights were not violated during the state proceedings, we AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3